# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DREW W. FREDERICK,  )
CONNIE JO FREDERICK,  )
LANCE D. FREDERICK, and  )
LYNETTE K. FREDERICK,  )
   )
      Plaintiffs,  )
   )
v.  )    Case No. 10-1063-JAR-DJW
   )
SOUTHERN STAR CENTRAL GAS  )
PIPELINE, INC.,  )
   )
      Defendant.  )
_____)

## MEMORANDUM AND ORDER

Plaintiffs Drew W. Frederick, Connie Jo Frederick, Lance D. Frederick, and Lynette K. Frederick filed this class action lawsuit, seeking reformation of natural gas storage leases, against Southern Star Central Pipeline, Inc. in Rice County, Kansas. Defendant removed the action to federal court on the basis of diversity jurisdiction, and designated the place of trial as Kansas City. Plaintiffs designated the place of trial as Wichita. Pending before the Court is plaintiffs' Motion for (1) Determination of Place of Trial and Pretrial Proceedings; and (2) To Consolidate With D. Kan. Case No. 09-2435 (Doc. 16).

## I.     Motion to Consolidate

Plaintiffs seek consolidation of this case with *Southern Star Central Gas Pipeline, Inc. v. 80 Acres Located in Rice County, Kansas, Lance D. Frederick, et al.*, Case No. 09-2435 EFM/GLR (D. Kan.), which is a condemnation action, for purposes of pretrial discovery only.

Plaintiffs have withdrawn any request to have the two cases consolidated for trial.[1]  The Court reviews the factual and legal issues raised in each case.

### *The Reformation Action, No. 10-1063*

Plaintiffs Drew W. Frederick, Connie Jo Frederick, Lance D. Frederick, and Lynette K. Frederick ("plaintiffs" collectively), bring the present action ("Reformation Action") as a potential class action against defendant Southern Star Central Gas Pipeline, Inc. ("defendant"). Plaintiffs are owners of mineral and/or surface rights and are successors in interest to W.C. Hammel and Iola A. Hammel, Lessors, under a "Gas Storage Lease" entered into on July 25, 1959, with Cities Service Gas Company, Lessee, who is a predecessor in interest to defendant. Defendant is the current operator of the Alden Natural Gas Storage Field located in Rice County, Kansas.

The lease encompasses an interest in the subsurface of an 80 acre tract, lying above the top of Viola lime in Rice County, Kansas.  The lease lasts fifty years, with an annual option to extend the lease, on the same terms, after the expiration of the primary term based on an annual payment of $80.00 per year (the equivalent of $1 per acre per year).  The primary term expired July 24, 2009.  Plaintiffs allege that at the time the lease was entered by the parties, they could not foresee the dramatic and marked changes in the marketing of natural gas storage, its value, and the value of energy resources generally.  The current market value now exceeds $1 per acre, making the present bargain unconscionable.  Plaintiffs ask (1) for declaratory judgment and (2) reformation of the leases to require defendant to tender payment to exercise the annual option in an amount determined at current market value rates for gas storage.

---

[1]*See* Doc. 26 at 1.

*The Condemnation Action, No. 09-2435*

In a separate case, Southern Star Central Gas Pipeline, Inc. ("Southern") filed a condemnation action against Lance D. Frederick, Lynette K. Frederick, Connie Jo Frederick, Lyons Federal Savings Association, and unknown other persons ("Condemnation Action"). Southern seeks, by power of eminent domain, to acquire the storage rights and mineral interests lying between two hundred feet below the top of Lansing-Kansas City to the top of Viola, and the related rights encompassing approximately 120 acres ("the Subject Property"). Summarized briefly, Southern seeks the undivided mineral interests in the Subject Property ("Storage Reservoir"); the right of ingress and egress at all times; and the exclusive right, privilege, and easement to use the Storage Reservoir for storing and removing natural gas. In the Condemnation Action, Southern asks the court to determine damages occasioned by the taking, and to determine an award of just compensation due to defendants.

*Standards*

In the Reformation Action, plaintiffs filed a motion to consolidate the two actions for purposes of pretrial discovery. A motion to consolidate was not filed in the Condemnation Action. Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing of trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The decision whether to consolidate is left to the sound discretion of the trial court.[2] "In exercising its discretion, the court should consider whether judicial efficiency is best served by

---

[2] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

consolidation."[3]  "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[4] Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[5]  The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[6] Even when two cases are consolidated for purposes of convenience and administrative economy, the two cases retain their individual identities.[7]  It does not change the rights of the parties.[8]

*Discussion*

The Court finds that consolidation of the Condemnation Action with the Reformation Action for purposes of discovery is not appropriate.  The issues presented in each action are factually and legally dissimilar.  The Reformation Action relates to *contract* rights under specific natural gas storage leases, and the Condemnation Action relates to the *fair market value* of specific property rights—mineral interests and a gas storage easement—being condemned on a

---

[3]*McCoy v. Whirlpool Corp.*, No. 02-2064-KHV, 2003 WL 124531, at *2 (D. Kan. Jan. 12, 2003).

[4]*C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed. 2008)).

[5]*Shump*, 574 F.3d at 1344; *Lane v. United States*, Nos. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991).

[6]*Blagg v. Line*, Nos. 09-CV-0703-CVE-FHM, 09-CV-0708-TCK-PJC, 10-CV-0502-GKF-PJC, 2010 WL 3893981, at *1 (N.D. Okla. Sept. 23, 2010) (citing *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987)).

[7]*Farmington Cas. Co. v. United Educators Ins. Risk Retention Group, Inc.*, 36 F. App'x 408, 414–15 (10th Cir. 2002) (citing *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985)).

[8]*United States v. Tippett*, 975 F.2d 713, 716 (10th Cir. 1992) (discussing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)); *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1089, 1094 (D.N.M. 2005); *Blagg*, 2010 WL 3893981, at *1–*2.

*separate* tract of land. Furthermore, the relief sought in both actions is substantially different. Although both actions involve property rights in a similar region and both actions raise questions about the fair market value of those rights, the rights are related to different tracts of land. Moreover, while the plaintiff in the Condemnation Action seeks to exercise the power of eminent domain over defendants' property rights and requests a determination of just compensation for the taking, plaintiffs in the Reformation Action seek declaratory judgment and reformation of particular gas storage leases entered into by a potentially large class of plaintiffs. The divergent goals of these two cases weigh against consolidation, even for purposes of discovery.

Most importantly, the Reformation Action is filed as a class action lawsuit, and the Scheduling Order only provides that discovery on issues related to class certification be completed by March 31, 2011. Merits-based discovery is not yet provided for, and no trial date has been set. In the Condemnation Action, the Scheduling Order provides that *all* discovery be completed by March 31, 2011, and the case proceed to trial on October 3, 2011. Assuming class certification issues are resolved by March 31, 2011 in the Reformation Action, the parties will only then begin merits-based discovery. Therefore, the interests of judicial efficiency and economy would not be served by consolidating these two actions.

Plaintiffs contend the fair market value of natural gas storage rights in a specific geographical region will be relevant to both lawsuits and consolidation would allow them to use the discovery from both cases. However, plaintiffs have not identified sufficient factual and legal commonalities to justify consolidation. The vague similarities within these two cases do not overcome the prejudice and delay defendant has identified.[9] In fact, saddling the

---

[9] *See Skirvin v. Mesta*, 141 F.2d 668 (10th Cir. 1944) (upholding court's order consolidating two cases, in part, because there was no affirmative showing of substantial prejudice).

Condemnation Action with a potential class action would hinder the just and efficient resolution of the Condemnation Action.[10] Most tellingly, a motion to consolidate was never filed in the Condemnation Action because, it appears, no benefit would accrue to those parties. Under these circumstances, consolidation would not further the interests of judicial efficiency or administrative economy. Plaintiffs' motion to consolidate is denied.

## II. Motion to Determine Trial Location

Under D. Kan. R. 40.2:

> **(c) Removed Actions.** A removing party, at the time of filing the notice of removal as set forth in D. Kan. Rule 81.1, must also file a designation of place of trial.
> **(d) Responding Party's Request.** The following parties must file a request stating the name of the city where they desire the trial to be held and, unless the court orders otherwise, serve the request upon each party affected thereby:
> (1) each defendant, at the time it files its first pleading; and
> (2) the plaintiff in a removed action, within 14 days after notice of the removal.
> **(e) Court Not Bound.** The court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion.

In this district, when considering a motion for intra-district transfer, courts look to the same factors relevant for change of venue under 28 U.S.C. § 1404.[11] In a § 1404(a) analysis, a district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical

---

[10]*See* Fed. R. Civ. P. 1 (noting the goal of federal rules is to secure the "just, speedy, and inexpensive determination of every action and proceeding").

[11]*See, e.g., Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007).

nature that make a trial easy, expeditious and economical."[12]  A plaintiff's forum choice "should rarely be disturbed."[13]  However, the plaintiff's choice of forum receives little deference when the plaintiff does not reside there.[14]  The burden of proving that the existing forum is inconvenient lies with the moving party.[15]

The Court begins its analysis with Local Rule 81.1, which states that any action brought in Rice County, Kansas, upon notice of removal, shall be filed in the United States District Court in Wichita.[16]  Thus, pursuant to Rule 81.1(b), there is a presumption that Wichita is the appropriate trial location, as the original action was filed in the District Court of Rice County, Kansas.[17]  This factor, therefore, weighs in favor of Wichita.

Moreover, the majority of the parties, witnesses and sources of proof are located near Wichita and, thus, are more convenient to a Wichita trial location.  Plaintiffs live in Rice County, Kansas, and putative class members are lessors of gas storage leases with defendant in the Alden Natural Gas Storage Field located in Rice County, Kansas.  The putative class members are primarily engaged in farming.  Plaintiffs contend that Alden, Kansas is 80 miles northwest of Wichita and 230 miles from Kansas City.  A Wichita trial location would allow them to commute on a daily basis and maintain their farming operations.  Defendant is a Delaware

---

[12]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991) (citing *Tex. Gulf Sulphur Co. v. Riter*, 371 F.2d 145, 147 (10th Cir. 1957)).

[13]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[14]*Benson*, 2007 WL 1834010, at *2; *see also Menefee*, 2009 WL 1313236, at *1.

[15]*Scheidt*, 956 F.2d at 965 (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[16]D. Kan. R. 81.1(b).

[17]*Busey v. Bd. of County Comm'rs of the County of Shawnee, Kan.*, 210 F.R.D. 736, 737 (D. Kan. 2002).

corporation with its principal place of business in Owensboro, Kentucky, making neither Kansas City nor Wichita more convenient. Therefore, this factor weighs in favor of Wichita.

Defendant does not argue that it would be unable to obtain a fair trial in Wichita. The Court will draw a jury from a wide variety of counties, diluting any potential bias in the jury pool[18]; any remaining questions of bias regarding potential jurors may be dealt with in voir dire.[19] Finally, both counsel have offices in Wichita. Although defense counsel are based in Overland Park, their firm has an office in Wichita. These factors also weigh in favor of Wichita.

Defendant does not oppose plaintiffs' requested trial location. After weighing the most relevant factors, the Court finds that plaintiffs have met their burden of demonstrating that a Kansas City trial would be inconvenient and trial would be better suited for Wichita. This part of plaintiffs' motion is granted.[20]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion for (1) Determination of Place of Trial and Pretrial Proceedings; and (2) To Consolidate With D. Kan. Case No. 09-2435 (Doc. 16) is **granted in part and denied in part.** The Court grants plaintiffs' requested trial location and designates the place of trial as Wichita, Kansas. The Court denies plaintiffs' motion to consolidate the Reformation Action with the Condemnation Action.

**IT IS SO ORDERED.**

Dated: October 29, 2010

                                                S/ Julie A. Robinson

---

[18] *See* D. Kan. R. 38.1. Trials held in the United States District Court in Wichita, Kansas, shall pull jurors from Butler, Cowley, Harper, Harvey, Kingman, Marion, McPherson, Reno, Rice, Sedgwick, and Sumner Counties.

[19] *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Wallace v. Beech Aircraft Corp.*, No. 96-4128-SAC, 1997 WL 723436, at *6 (D. Kan. Oct. 22, 1997).

[20] Because plaintiffs' request is unopposed, the Court need not proceed to consider plaintiffs' alternative arguments based on collateral estoppel.

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE