**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DREW W. FREDERICK, CONNIE JO FREDERICK, LANCE D. FREDERICK, and LYNETTE K. FREDERICK, ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) | Case No. 10-1063-JAR |
| ) SOUTHERN STAR CENTRAL GAS PIPELINE, INC., ) ) ) | |
| Defendant. ) ) | |

## MEMORANDUM AND ORDER

This removal action concerns multiple gas storage leases underlying Alden Field, a

natural gas storage field operated by defendant Southern Star Central Gas Pipeline, Inc.

("Southern Star").  Defendant Southern Star has filed a counterclaim for breach of contract.  This

matter is before the Court on plaintiffs Drew W. Frederick, Connie Jo Frederick, Lance D.

Frederick, and Lynette K. Frederick's Motion to Dismiss Counterclaim (Doc. 49) for failure to

state a claim upon which relief may be granted.  The motion is fully briefed and the Court is

prepared to rule.  For the reasons set forth in detail below, the Court denies plaintiffs' motion to

dismiss and grants defendant leave to amend its counterclaim.

## I.     Background

The Amended Complaint alleges that plaintiffs are successors in interest to the named

lessors in a Gas Storage Lease entered into on July 25, 1959 ("storage lease").  Defendant is the

successor in interest to the named lessee.  The lease was for a primary term of fifty years, which

plaintiffs contend expired on July 24, 2009, and contains an annual option to extend the lease for "each repeated annual period, after expiration of said primary term, upon the same terms and provisions applicable for and during said primary term, including each repeated annual option."[1] The terms of the lease, drafted over fifty years ago, provide for an annual payment of $80.00, equal to approximately one dollar per acre. The Amended Complaint alleges that the Southern Star tendered an annual payment in an attempt to exercise its annual option for the year commencing on July 25, 2009, but plaintiffs have not accepted payment.

Plaintiffs claim that the storage lease is inequitable and unconscionable because the current fair market value for gas storage leases greatly exceeds this one dollar per acre rental. Plaintiffs seek reformation of the contract and a declaratory judgment that the lease, and other leases held by similarly situated individuals, is unconscionable and inequitable and should be reformed, and that defendant be required to tender an amount in exercise of the annual option that is a fair and reasonable current market rate for the annual option.[2]

Defendant has filed multiple responsive pleadings. It filed an Answer to the Original Petition on June 6, 2009. On November 22, 2010, defendant filed an Amended Answer to Petition (Doc. 34), asserting a counterclaim for breach of contract. In its counterclaim, defendant asserts that the storage lease is a valid and long-standing contract, that plaintiffs breached the storage lease by refusing to accept annual payments defendant tendered to plaintiff in 2009 and 2010 in accordance with the terms of the storage lease. Defendant states that it has been damaged by plaintiffs' breach. On November 30, 2010, plaintiffs filed their Answer to this

---

[1](Doc. 42, Ex. A.)

[2]Plaintiffs assert a separate claim for damages on a gas storage lease dated November 14, 1977, alleging that the lease expired in 2008 but that Southern Star has continued to store its natural gas in the underground horizons owned by plaintiffs without permission. This claim is unrelated to plaintiffs' motion to dismiss.

counterclaim.

On December 17, 2010, plaintiffs filed an Amended Complaint (Doc. 42). On January 17, 2011, defendant filed an Answer to First Amended Complaint (Doc. 48), which responds to the allegations in the Amended Complaint and lists a number of affirmative defenses, including a request that "this Court declare that the gas storage leases at issue in this lawsuit (Exhibit A and Exhibit B to the First Amended Complaint), or any other gas storage leases that should become part of this lawsuit, be declared valid, binding, and in full force and effect."[3] There is no counterclaim set forth in this Amended Answer.

## II.    Standard

Plaintiffs' motion is brought under Fed. R. Civ. P. 12(c), as they have filed a responsive pleading to defendant's counterclaim. The court reviews a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion.[4] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[5] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6] The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not

---

[3](Doc. 48 ¶ 31.)

[4]*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.") (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

[5]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[6]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

just speculatively) has a claim for relief.[7]  As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]  Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[10]

If the court on a Rule 12(b)(6) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment.  However, the court may consider documents that are referred to in the complaint.[11]  In this case, plaintiffs have attached the 1959 gas storage lease and the 1977 gas storage lease to the operative Amended Complaint.  Because these documents are referred to in plaintiffs' Petition, the Court may refer to them in resolving the motion to dismiss.

## III.    Discussion

In their motion to dismiss, plaintiffs ask the Court to dismiss defendant's counterclaim for failure to state a claim because (1) it fails to allege sufficient facts under *Twombly* and *Iqbal*; and (2) it is estopped from asserting that plaintiffs breached the storage lease.  Plaintiffs respond

_____

[7]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[8]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[9]*Id.*

[10]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[11]*See GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384-85 (10th Cir. 1997).

that the allegations in the counterclaim are sufficient, and that they should not be estopped from asserting a breach of contract claim, as it is necessary in light of plaintiffs' equivocal claims as to whether the storage lease is valid and binding.  Given defendant's response that the breach of contract claim was asserted in the event that the Court determined that the gas storage lease was not valid, plaintiffs argue in the reply that the claim is not ripe.  The Court addresses plaintiffs' arguments for dismissal in reverse order.

Ripeness is a justiciability doctrine "designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."[12]  Ripeness generally requires the court to evaluate the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration.[13]  "In evaluating ripeness the 'central focus is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'"[14]  Here, defendant states in its counterclaim that plaintiffs breached the gas storage lease by failing to accept defendant's tender of payment for the annual option.  The fact that this is an alternate theory of relief, or is inconsistent with defendant's contention that the gas storage lease is a valid and binding contract, does not render it unripe for review.  The liberal rules of pleading allow for inconsistent theories of relief.[15]

Furthermore, the Court only evaluates the sufficiency of the pleadings on a motion to

---

[12]*Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 807 (2003).

[13]*Id.* at 808.

[14]*Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1097–98 (10th Cir. 2006) (quoting *Skull Valley Goshute Indians v. Nielson*, 376 F.3d 1223, 1234 (10th Cir. 2004)) (further quotation omitted).

[15]Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

dismiss, rather than the statements of the parties in their briefs.  Plaintiffs' ripeness argument hinges on representations made by defendant in its response to the motion to dismiss, rather than on the allegations made in the counterclaim.  The counterclaim alleges that plaintiffs breached the contract by failing to accept payment on the annual option.  The allegations in the counterclaim are at worst, merely inconsistent with defendant's claim that the contract did not expire in 2009.  The breach of contract claim is not focused whether an uncertain future event may occur, but is instead focused on an alternate theory of relief.  This claim is ripe for review.

Plaintiffs argue that the counterclaim must be dismissed because defendant is estopped from arguing that plaintiffs breached when it has previously taken the position that the storage lease is still in full force and effect.  Plaintiffs urge that they have relied on defendant's silence that they were not in breach of the contract.

> "Equitable estoppel is the effect of the voluntary conduct of a party whereby it is precluded, both at law and in equity, from asserting rights against another person relying on such conduct. A party seeking to invoke equitable estoppel must show that the acts, representations, admissions, or silence of another party (when it had a duty to speak) induced the first party to believe certain facts existed. There must also be a showing the first party rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts. There can be no equitable estoppel if any essential element thereof is lacking or is not satisfactorily proved. Estoppel will not be deemed to arise from facts which are ambiguous and subject to more than one construction. [Citation omitted.] A party may not properly base a claim of estoppel in its favor on its own wrongful act or dereliction of duty, or for acts or omissions induced by its own conduct. [Citation omitted.]"[16]

Plaintiffs appear to argue that defendant's failure to send a demand letter, or assert a breach of

---

[16]*Palmer v. Bill Gallagher Enters, L.L.C.*, 240 P.3d 592, 597 (Kan. Ct. App. 2010) (quoting *Gillespie v. Seymour*, 823 P.2d 782, 788–89 (Kan. 1991)).

contract claim earlier, constitutes "silence" that plaintiffs relied upon in some way. Again, the liberal pleading rules allow for a party to assert inconsistent positions in the pleadings. Such inconsistencies surely cannot give rise to a claim of estoppel. Moreover, even if taking such a position could rise to the level of silence when one had a duty to speak, plaintiffs provide no explanation for how they "relied and acted upon" the belief that plaintiff was not asserting that they breached the contract. Equitable estoppel does not bar defendant's counterclaim for breach of contract.

Finally, plaintiffs argue that the counterclaim fails because it does not allege sufficient facts to raise a plausible claim for relief. In order to establish its claim for breach of contract under Kansas law, defendant must allege: (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff was damaged by the breach. Plaintiffs argue that defendant fails to identify the provision of the gas storage lease that was breached and fails to provide any factual allegation in support of a claim for damages.

The Court agrees with defendant that it has alleged sufficient facts on the element of breach. It alleged that the gas storage lease, which is attached to the Amended Complaint, was a valid contract that plaintiffs breached by failing to accept payment on the annual option in July 2009.

Next, plaintiff argues that there are no factual allegations surrounding the damages suffered by defendant as a result of the breach. Plaintiffs point to the fact that defendant continues to store gas on their land, yet have not paid for this storage since July 2009. Acknowledging that it did not plead an itemized or characterized request for damages, defendant insists that it has an expectancy interest in its rights under the storage lease. Defendant states

that it seeks "a declaration of the validity of the Storage Lease and Monetary Damages to recover fees expended to defend the validity of the Storage Lease."

The Court finds that defendant's counterclaim fails to state any factual allegations that would give rise to a claim for damages. The declaratory relief described by defendant is already requested in defendant's Answer to First Amended Complaint, where it asks that "the gas storage leases at issue . . . be declared valid, binding, and in full force and effect."[17]  While this request for declaratory relief remains intact,[18] the counterclaim itself does not request declaratory relief.  Instead, it merely recites the element of damages with no factual support.  Because this pleading defect is curable, the Court will grant defendant leave to amend the counterclaim within ten (10) days of the date of this Order so that it may adequately plead its damages on the breach of contract counterclaim, or take whatever other action may be appropriate.  If defendant fails to file an amended counterclaim within ten days, the Court will dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(c).

Defendant moves for leave to amend the Answer to file a declaratory judgment counterclaim, requesting that the Court declare that the storage lease is valid and in full force and effect.  As already described, defendant's Answer to First Amended Complaint appears to already assert this request for declaratory relief; therefore, this motion will be denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion to Dismiss Counterclaim (Doc. 49) is denied without prejudice.  Defendant is granted leave to amend the counterclaim within ten (10) days of the date of this Order so that it may adequately plead its

---

[17](Doc. 48 ¶ 31.)

[18]The Court further notes that the counterclaim does not appear at all in the Answer to the Amended Complaint (Doc. 48).  Neither party contends that it was withdrawn, however.

damages on the breach of contract claim, or take whatever other action may be appropriate. If defendant fails to file an amended counterclaim within ten days, the Court will dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(c). Defendant's Motion for Leave to Amend to add a declaratory judgment counterclaim is denied as moot.

**IT IS SO ORDERED.**

Dated: April 14, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE